UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DANIEL OSORIO ZUNIGA, | No. 2:16-cv-2486 KJN P |
| Plaintiff, | |
| v. | ORDER |
| RIO COSUMNES CORRECTIONAL CENTER, | |
| Defendant. | |

Introduction

      Plaintiff is an immigration detainee, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Request to Proceed In Forma Pauperis

      All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $400.00.[1]  See 28

---

[1] In addition to the $350.000 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.00.  See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fees Schedule) (eff. May 1, 2013.)  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed in forma pauperis.  Id.

U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Gook, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." Agyeman v. INS, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." Agyeman, 296 F.3d at 886. Thus, because plaintiff claims to be an immigration detainee, and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply.

Good cause appearing, plaintiff's application to proceed in forma pauperis is granted.

Screening Standard

Because plaintiff is appearing without counsel, the court must liberally construe his pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). Despite the liberal pro se pleading standard, however, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not

limited to prisoners).

Discussion

First, the initiating document filed by plaintiff and his now-dismissed co-plaintiff was not filed on a complaint form or written in a complaint format. Rather, the plaintiffs wrote a letter complaining of living conditions at the Rio Cosumnes Correctional Center ("RCCC"), which they contend is very old and run down. (ECF No. 1 at 1.) They claim that even though they were detainees and not prisoners, they were forced to wear RCCC or Sacramento County prisoner clothes, subjecting them to treatment as prisoners rather than detainees. Specifically, they contend they were required to follow rules in the Sacramento County handbook, not the ICE handbook; clothing was torn, old, unclean and insufficient; food soup containers had holes which retained dirty water and detergent used when cleaning; law library was insufficient, materials were outdated, and there was only one computer with immigration information; the "tanks" were small, crowded, with insufficient sitting or dining room; tight living quarters; mice/rats running around; electrical wires hanging loosely, poor ventilation; lead paint; no toothbrushes; insufficient soap to shower; food trays washed in showers; barbershop sink clogged with hair; inadequate medical/mental health care; and medication/pill call random and usually late at night. Plaintiffs state these events took place from August 2015 to January 2016. (ECF No. 1 at 3.)

Such letter does not comport with Rule 10 of the Federal Rules of Civil Procedure because it does not contain a caption, and does not identify all of the parties or specific Constitutional violations plaintiff alleges. Fed. R. Civ. P. 10.

Second, plaintiff does not identify any individual as a defendant. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

3

liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability. Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

Plaintiff is advised that the RCCC is not a proper defendant. State agencies, such as the California Department of Corrections and Rehabilitation (CDCR) and RCCC, are immune from suit under the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Pennhurst State Sch. & Hosp. v. Halderman, 465

1  U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies). Thus, plaintiff
2  should not name RCCC as a defendant in any amended complaint.
3      Third, plaintiff does not identify the relief sought. Plaintiff must set forth the relief he
4  seeks. Now that plaintiff has been transferred to the Mesa Verde Detention Facility, it does not
5  appear that plaintiff could seek injunctive relief based on incidents that took place at RCCC.
6      For all of the above reasons, the original filing must be dismissed. The court, however,
7  grants plaintiff leave to file an amended complaint. The following standards that govern the
8  claims raised in the initial filing may assist plaintiff in drafting his amended complaint.
9      Certain rights of detainees, like those of convicted prisoners, "may be limited or retracted
10 if required to 'maintain institutional security and preserve internal order and discipline.'" Pierce
11 v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008). However, a civil detainee "cannot be
12 subjected to conditions that 'amount to punishment.'" Jones v. Blanas, 393 F.3d 918, 931-32 (9th
13 Cir. 2004) (explaining that conditions of confinement claims brought by civil detainees are
14 evaluated under the "more protective" Fourteenth Amendment substantive due process standard,
15 and that civil detainees are entitled to less restrictive treatment than criminally convicted
16 prisoners) (quoting Bell v. Wolfish, 441 U.S. 520, 535 (1979)).
17     Punitive conditions may be shown (1) where the challenged restrictions are expressly
18 intended to punish; or (2) where the challenged restrictions serve an alternative non-punitive
19 purposes but are nonetheless excessive in relation to the alternative purpose, or are employed to
20 achieve objectives that could be accomplished by alternative and less harsh methods. Id.
21 Legitimate, non-punitive government interests include ensuring a detainee's presence at trial,
22 maintaining jail security, and effective management of a detention facility. Id.
23     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
24 about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
25 Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each
26 named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is
27 some affirmative link or connection between a defendant's actions and the claimed deprivation.
28 Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

(9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's original filing (ECF No. 1) is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

4. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: March 7, 2017

/zuni2486.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CARLOS DANIEL OSORIO ZUNIGA, | No. 2:16-cv-2486 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| RIO COSUMNES CORRECTIONAL CENTER, | |
| Defendants. | |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

    _____    Amended Complaint
DATED:

    _____
    Plaintiff